1
2
3
4
5
6           **IN THE UNITED STATES DISTRICT COURT**
7            **FOR THE DISTRICT OF ARIZONA**

8    Glen Alan Huggins,                    )    No. CV-13-00490-PHX-SLG (SPL)
                                           )
9                         Petitioner,      )
                                           )    **REPORT AND RECOMMENDATION**
10   vs.                                   )
                                           )
11   Charles L. Ryan, et al.,              )
                                           )
12                        Respondents.     )
                                           )
13                                         )
                                           )
14

15   TO THE HONORABLE SHARON L. GLEASON, UNITED STATES DISTRICT JUDGE:

16          Petitioner Glen Alan Huggins, who is confined in the Arizona State Prison

17   Complex-Whetstone Unit, in Tucson, Arizona, has filed a *pro se* Petition for Writ of

18   Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).

19                              **BACKGROUND**

20   **I.      Case No. CR 2005-0551**

21          On September 28, 2005, Petitioner was indicted by a grand jury in the Gila County

22   Superior Court ("Superior Court"), Case No. CR 2005-0551, charging him with

23   Possession of a Dangerous Drug (Count One), Possession of Drug Paraphernalia (Count

24   Two), and Unlawful Use of a Means of Transportation (Count Three). (*See* Doc. 9-1 at

25   31, Exh. H.) The underlying facts of the charges were summarized as follows:

26                  Officer Schmidlin of the Miami Police Department had
                    stopped the car in which Huggins was riding as a passenger
27                  after a license plate check led him to believe the car had been
                    stolen. When Schmidlin approached and spoke to the driver,
28                  he noticed that Huggins was eating popcorn from a bag. Other

> officers who assisted Schmidlin searched the car and found methamphetamine, a syringe, and a pipe in a door panel on the driver's side of the car. On the passenger side, in the bag of popcorn from which Huggins had been eating, officers found a plastic bag of methamphetamine and a syringe.

(Doc. 9-1 at 46, Exh. I.)[1] Count Three was dismissed upon motion of the state, and trial commenced on the remaining charges on August 30, 2006. (Doc. 9-1 at 32, Exh. H.) The following day, on August 31, 2006, a jury returned guilty verdicts on Counts One and Two. (Doc. 9-1, Exh. A.) On September 11, 2006, Petitioner was sentenced to a 10-year term of imprisonment for the first count, and a concurrent 3.75-year term of imprisonment for the second count. (Doc. 9-1, Exh. B.)

On September 11, 2006, Petitioner filed a Notice of Appeal. (Doc. 9-1, Exh. C.) On appeal, Petitioner argued that the Superior Court erred when it denied his motion for judgment of acquittal under Rule 20 of the Arizona Rules of Criminal Procedure. (Doc. 9-1, Exh. G.) In a memorandum decision filed on October 16, 2007, the Arizona Court of Appeals affirmed his convictions. (Doc. 9-1, Exh. I; *State v. Huggins*, No. 2 CA-CR 2006-0389-PR, 2007 WL 5582238 (Ariz. Ct. App. 2007).) Petitioner sought review by the Arizona Supreme Court on November 19, 2007. (Doc. 9-1, Exh. J.) The Petition for Review was summarily denied on March 24, 2008. (Doc. 9-1, Exh. K.)

On December 17, 2007, Petitioner filed a Notice of Post-Conviction Relief in the Superior Court (Doc. 9-2, Exh. N),[2] and counsel was appointed to represent him (Doc. 9-2, Exh. O). The proceedings were stayed (Doc. 10, Exh. P), and on March 17, 2009, Petitioner, through counsel, filed a Petition for Post Conviction Relief (Doc. 9-2, Exh. Q). Petitioner raised two grounds for relief in the petition: (1) ineffective assistance of trial counsel; and (2)  newly discovered evidence of juror bias entitled him to a new trial. (*Id.*) An evidentiary hearing was held, and on August 28, 2009, the Superior Court denied

---

[1]     The Court presumes the state court's factual recitation is correct because Petitioner has not contested or "rebut[ed] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

[2]     The Notice was filed jointly for Case No. CR 2005-0551 and Case No. CR 2005-0498.

1    relief. (Doc. 9-3, Exh. R.) Petitioner timely petitioned for review. (Doc. 10, Exh. S.) In a

2    memorandum decision filed on March 30, 2010, the Arizona Court of Appeals granted

3    review but denied relief. (Doc. 10, Exh. T; *State v. Huggins*, No. 2 CA-CR 2009-0376-

4    PR, 2010 WL 1223982 (Ariz. Ct. App. 2010).) Although a request for extension of time

5    was granted, Petitioner did not petition for review by the Arizona Supreme Court. (Doc.

6    10-1, Exh. U-X.)

7        On May 27, 2010, Petitioner filed a second Notice of Post-Conviction Relief in the

8    Superior Court in Case No. CR 2005-0551 (Doc. 10-1, Exh. Z), and counsel was

9    appointed to represent him (Doc. 10-1, Exh. AA). Upon review of the record, counsel

10   filed a notice to the Superior Court that she found no issues upon which to base a claim

11   for relief and requested an extension of time for Petitioner to file a *pro se* Petition for

12   Post-Conviction Relief (Doc. 10-1, Exh. BB), and Petitioner filed a supplemental petition

13   on November 24, 2010 (Doc. 10-2, Exh. DD). On February 9, 2011, the Superior Court

14   issued an order dismissing the second post-conviction relief petition (Doc. 10-3, Exh.

15   EE). Following the denial of a motion to reconsider, Petitioner filed a Petition for Review

16   on March 24, 2011 (Doc. 11-1, Exh. HH). In a memorandum decision filed on August 26,

17   2011, the Arizona Court of Appeals granted review and denied relief. (Doc. 11-3, Exh.

18   II); *State v. Huggins*, No. 2 CA-CR 2011-0079-PR, 2011 WL 3805961 (Ariz. Ct. App.

19   2011). Petitioner did not seek review by the Arizona Supreme Court.

20       On September 23, 2011, Petitioner filed a third Notice of Post-Conviction Relief

21   in the Superior Court in Case No. CR 2005-0551.[3] (Doc. 11-3, Exh. OO.) On December

22   28, 2011, the Superior Court found "there [was] no basis upon which [Petitioner] could

23   seek relief and any request by [Petitioner] in CR2005-0551 for relief [was] denied."

24   (Doc. 11-3, Exh. PP.) Petitioner did not seek review of the Superior Court's decision.

25       On December 13, 2011, Petitioner filed a Petition for Special Action in the

26   Arizona Court of Appeals (Doc. 12-3, Exh. YY),[4] over which the court summarily

27   ---
     [3]   The Notice was filed jointly for Case No. 2005-0551 and Case No. CR 2005-0498.

28   [4]   The Petition for Special Action was filed jointly for Case No. CR 2005-0551 and

1  declined to exercise jurisdiction (Doc. 12-3, Exh. ZZ, No. 2-CA-SA 2011-0104). The

2  Arizona Supreme Court summarily denied review on May 10, 2012. (Doc. 12-3, Exh.

3  AAA.)

4  **II.     Case No. CR 2005-0498**

5          On September 7, 2005, Petitioner was indicted by a grand jury in the Superior

6  Court, Case No. CR 2005-0498, charging him with Hindering Prosecution in the First

7  Degree (Count One), Conspiracy to Hinder Prosecution (Count Two), and Destruction of

8  Evidence (Count Three). (Doc. 9-1, Exh. D.)[5] In sum, the charges alleged that Petitioner

9  had acted to obstruct the prosecution of Clayton Huggins for murder of Marcus Pizano.

10  (Id.) On August 31, 2006, Petitioner entered a plea of guilty to all three counts. (Doc. 9-1,

11  Exh. E.) On September 11, 2006, the Superior Court sentenced Petitioner to concurrent

12  terms of imprisonment of 3.5 years for Count One, 3.5 years for Count Two, and 1 year

13  for Count Three, all to be served consecutive to his sentence of imprisonment in Case No.

14  CR 2005-0551. (Doc. 9-1, Exh. F.)

15          On September 18, 2006, Petitioner filed a Notice of Appeal. (Doc. 9-1, Exh. G.)

16  Finding that an appeal from the entry of a plea of guilty was not permitted under Rule

17  17.1(e) of the Arizona Rules of Criminal Procedure, on March 8, 2007, the appeal was

18  dismissed. (Doc. 9-1, Exh. M.)

19          On December 17, 2007, Petitioner filed a Notice of Post-Conviction Relief in the

20  Superior Court (Doc. 9-2, Exh. N) and counsel was appointed to represent him (Doc. 11-

21  3, Exh. KK).[6] On January 28, 2008, the Superior Court found:

22              Upon review of Defendant's notice, the Court believes that its
               contents demonstrate that his claims are precluded under Rule
23              32.2(a) and (3), Ariz. R. Crim. P. Furthermore, the claims

24  _____

25  Case No. CR 2005-0498.

26  [5]     Petitioner's mother, Mary Martha Huggins, was also indicted the same day on
   related charges in a separate case, Case No. CR 2005-0497. (Doc. 9-1, Exh. E; Doc. 11-4,
27  Exh. RR.)

28  [6]     The Notice was filed jointly for Case No. CR 2005-0498 and Case No. CR 2005-
   0551.

1

2

3

> appear to be untimely and there are not specific exceptions and meritorious reasons for the untimely and there are no specific exceptions and meritorious reasons for the untimely filing; nor are there facts which substantiate Defendant's claims. Consequently, the Court believes the notice is subject to summary dismissal under Rule 32.2(b), Ariz. R. Crim. P.

4

5

6

> The Court grants Defendant's counsel through February 29, 2008 to submit supplemental pleadings explaining why the matter should not be summarily dismissed. The Court will consider such pleadings on its Non-Appearance Calendar on March 3, 2008.

7

8   (Doc. 11-3, Exh. LL.)[7] On February 27, 2008, Petitioner, through counsel, moved to

9   dismiss the proceedings (Doc. 11-3, Exh. MM), which the Superior Court granted in an

10  order dated February 28, 2008. (Doc. 11-3, Exh. NN).

11          On September 23, 2011, Petitioner filed a second Notice of Post-Conviction Relief

12  in the Superior Court in Case No. CR 2005-0498. (Doc. 11-3, Exh. OO.)[8]  On December

13  28, 2011, the Superior Court found that "[a]lthough it is not clear if Defendant seeks post

14  conviction relief for the ineffectiveness of his previous post conviction relief counsel, the

15  Court determines that Defendant should receive the benefit of counsel to evaluate

16  whether there is a viable claim for relief," and appointed Petitioner counsel. (Doc. 11-3,

17  Exh. PP.) On April 9, 2012, Petitioner filed a Petition for Post-Conviction Relief, raising

18  two grounds for relief in connection with his guilty plea: (1) ineffective assistance of

19  counsel; and (2) prosecutorial misconduct. (Doc. 11-4, Exh. RR.) On August 2, 2012, the

20  Superior Court denied the petition. (Doc. 11-4. Exh. TT.) On August 27, 2012, Petitioner

21  filed a Petition for Review. (Doc. 12-1, Exh. UU.) In a memorandum decision filed on

22  November 14, 2012, the Arizona Court of Appeals granted review and denied relief.

23  (Doc. 12-2, Exh. VV); *State v. Huggins*, No. 2 CA-CR 2012-0360-PR, 2012 WL

24  5506988 (Ariz. Ct. App. 2012). Petitioner sought review of the decision, which the

25  Arizona Supreme Court summary denied on February 12, 2013. (Doc. 12-2, Exh. XX.)

26  _____

27  [7]     The Court noted that, with regard to Case No. CR 2005-0551, post-conviction relief proceedings had been stayed.

28  [8]     The Notice was filed jointly for Case No. CR 2005-0498 and Case No. CR 2005-0551.

1

**DISCUSSION**

2          Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28

3   U.S.C. § 2254 (Doc. 1) on March 8, 2013. Petitioner raises four grounds for relief:

4                    GROUND ONE: Failure of the trial court to follow Arizona
               Law and Rules of Court in regards to plea negotiations or
5              hold County Attorney, Daisy Flores, to the date that was
               ordered by the court for the hearing of plea offers. No hearing
6              held as required after the filing of a plea offer in writing
               pursuant to (State v. Donald) 2000. No record to refer to in
7              my behalf to refute my attorney's claim of having discussed
               the plea or the prior aggravator. I am of the op[]inion that the
8              court should have to produce a record of all plea proceedings
               to be in compliance with the Arizona Rules of Criminal
9              Procedure. Not me!

10                   GROUND TWO: Violation of my Sixth Amendment
               constitutional right[]s in regard to pre-trial proceedings,
11             including plea-offers as defined in the recent U.S. Supreme
               Court syllabus of (Lafler v. Cooper) and (Missouri v. Frye)
12             2012. Ineffective assistance of trial counsel during the very
               short duration of the plea window in this case denied
13             Petitioner his 6th Amendment g[ua]rant[ee] and also fell far
               short of the standards required by the American Bar Ass. in
14             regards to attorney/client relationships.

15                   GROUND THREE: Prosecutorial misconduct during the plea
               bargaining stages of trial and during the appeals process along
16             with ineffective assistance of trial counsel and the court as
               regards to plea proceedings.
17
                     GROUND FOUR: Petitioner is serving an illegal sentence
18             because the prior aggravator used to [e]nhance his sentence,
               and deny him mand[a]tory Prop. 200 probation was not
19             disclosed to Petitioner by his attorney or the court as required
               by law, until after trial. The Court never advised the
20             Petitioner of the prior or the sentence he would be facing
               should he refuse to accept the profer[r]ed plea and lose at
21             trial. Nor did the court record the wishes as to acceptance or
               denial of the filed plea offer.
22

23   (Doc. 1 at 47-51.)

24          Respondents filed a Limited Answer (Docs. 9-12), to which Petitioner filed a

25   Reply (Doc. 13). In their answer, Respondents contend that the petition is time-barred

26   and alternatively, Petitioner did not exhaust his claims in state court and all four grounds

27   are procedurally barred.

28

1   **I.      Legal Standards**

2          The writ of habeas corpus affords relief to persons in custody pursuant to the

3   judgment of a State court in violation of the Constitution, laws, or treaties of the United

4   States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Such petitions are governed by the

5   Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[9] 28 U.S.C. § 2244.

6   The AEDPA imposes a statute of limitations on federal petitions for writ of habeas

7   corpus. *See* 28 U.S.C. § 2244.

8          **A.      Commencement of Limitations Period**

9          Under 28 U.S.C. § 2244(d)(1), the AEDPA provides that a 1-year statute of

10  limitations shall "apply to an application for a writ of habeas corpus by a person in

11  custody pursuant to the judgment of a State court."

12                 The limitation period shall run from the latest of–

13                 (A) the date on which the judgment became final by the
                   conclusion of direct review or the expiration of the time for
14                 seeking such review;

15                 (B) the date on which the impediment to filing an application
                   created by State action in violation of the Constitution or laws
16                 of the United States is removed, if the applicant was
                   prevented from filing by such State action;
17
                   (C) the date on which the constitutional right asserted was
18                 initially recognized by the Supreme Court, if the right has
                   been newly recognized by the Supreme Court and made
19                 retroactively applicable to cases on collateral review; or

20                 (D) the date on which the factual predicate of the claim or
                   claims presented could have been discovered through the
21                 exercise of due diligence.

22
    28 U.S.C. § 2244(d)(1).
23
           Where a petitioner seeks direct review from the highest state court, "the period of
24
    'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner
25
    can file a petition for a writ of certiorari from the United States Supreme Court, whether
26
    or not the petitioner actually files such a petition." *Bowen v. Roe*, 188 F.3d 1157, 1158-59
27
    ───────────────
28  [9]     The AEDPA applies to federal habeas petitions filed after its effective date, April
    24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).

1   (9th Cir. 1999); *see also Zepeda v. Walker*, 581 F.3d 1013, 1016 (9th Cir. 2009). "[W]ith

2   respect to a state prisoner who does not seek review in a State's highest court, the

3   judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review

4   expires." *See Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 656 (2012).

5          Within the meaning of 28 U.S.C. § 2244(d)(1)(A), an "of-right" petition for post-

6   conviction review under Rule 32 of the Arizona Rules of Criminal Procedure, available to

7   criminal defendants who plead guilty, is a form of "direct review." *Summers v. Schriro*,

8   481 F.3d 710, 711 (9th Cir. 2007). *See also* Ariz. R. Crim. P. 32.1. Therefore, the

9   judgment of conviction becomes final upon the conclusion of the Rule 32 of-right

10  proceeding and review of that proceeding or upon the expiration of the time for seeking

11  such proceeding or review. *Summers*, 481 F.3d at 711. *See* Ariz. R. Crim. P. 32.4(a),

12  32.9(c).

13          **B.    Statutory Tolling of Limitations Period**

14          Under 28 U.S.C. § 2244(d)(2), the AEDPA provides that the one-year filing

15  deadline is statutorily tolled during the time in "which a properly filed application for

16  State post-conviction or other collateral review with respect to the pertinent judgment or

17  claim is pending." *See also Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002). In

18  Arizona, post-conviction review is pending once a notice of post-conviction relief is filed,

19  even though the petition is not filed until later. *Isley v. Arizona Department of*

20  *Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004). *See also* Ariz. R. Crim. P. 32.4(a) ("A

21  proceeding is commenced by timely filing a notice of post-conviction relief with the

22  court in which the conviction occurred."). An application is "pending" under 28 U.S.C. §

23  2244(d)(2) during the "time between a lower state court's decision and the filing of a

24  notice of appeal to a higher state court." *Carey v. Saffold*, 536 U.S. 214 (2002); *Biggs v.*

25  *Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003). However, the time between a first and

26  second application for post-conviction relief is generally not tolled because no

27  application is "pending" during that period. *See Biggs*, 339 F.3d at 1048; *see also King v.*

28  *Roe*, 340 F.3d 821 (9th Cir. 2003) (finding petitioner was "not entitled to tolling during

1    the interval between the completion of one round of state collateral review and the

2    commencement of a second round of review"). Further, unlike finality under 28 U.S.C. §

3    2244(d)(1), statutory tolling under 28 U.S.C. § 2244(d)(2) does not apply to the period to

4    seek certiorari from the United States Supreme Court. *See White v. Klitzkie*, 281 F.3d

5    920, 924 (9th Cir. 2002).

6    ### C.    Equitable Tolling of Limitations Period

7    In certain limited circumstances, the one-year filing deadline may be equitably

8    tolled. *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2560 (2010). *See also Calderon*

9    *v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997) (recognizing that

10   AEDPA's limitations period may be equitably tolled because it is a statute of limitations,

11   not a jurisdictional bar), overruled in part on other grounds by *Calderon v. United States*

12   *Dist. Ct. (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998). A petitioner is entitled to equitable

13   tolling if he can demonstrate that "'(1) that he has been pursuing his rights diligently and

14   (2) that some extraordinary circumstances stood in his way'" to prevent him from timely

15   filing a federal habeas petition. *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*,

16   544 U.S. 408, 418 (2005)); *Roberts v. Marshall*, 627 F.3d 768, 772 (9th Cir. 2010) (the

17   petitioner must demonstrate "both that there were 'extraordinary circumstances,' and that

18   the 'extraordinary circumstances were the cause of his untimeliness'") (quoting *Bryant v.*

19   *Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007)); *Roy v. Lampert*, 465

20   F.3d 964, 969 (9th Cir. 2006) ("Equitable tolling is applicable only if extraordinary

21   circumstances beyond a prisoner's control make it impossible to file a petition on time")

22   (internal quotation marks and citations omitted). "[T]he threshold necessary to trigger

23   equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule."

24   *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (quoting *Miranda v. Castro*, 292

25   F.3d 1063, 1066 (9th Cir. 2002)).

26   ### D.    Exception to Limitations Period

27   Lastly, "an actual-innocence gateway claim" may serve as an exception to

28   AEDPA's limitations period. *McQuiggin v. Perkins*, __ U.S. __, 133 S.Ct. 1924, 1926-

1    1927 (2013); *see also Stewart v. Cate*, __ F.3d __, 2014 WL 1707033, *6 (9th Cir. May

2    1, 2014) ("[a]ctual innocence, if proved, serves as a gateway through which a petitioner

3    may pass whether the impediment is a procedural bar ... [or] expiration of the statute of

4    limitations") (brackets in original). "To present otherwise time-barred claims in federal

5    court, a petitioner must produce proof of his innocence that is sufficient to convince a

6    federal court that a failure to entertain his claim would constitute a fundamental

7    miscarriage of justice." *Larsen v. Soto*, 742 F.3d 1083, 1095 (9th Cir. 2013) (citing *Lee v.*

8    *Lampert*, 653 F.3d 929, 932 (9th Cir. 2011) (en banc)).   A petitioner must "support his

9    allegations of constitutional error with new reliable evidence—whether it be exculpatory

10   scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that

11   was not presented at trial." *Larson*, 742 F.3d at 1095 (citing *Schlup v. Delo*, 513 U.S.

12   298, 324 (1995)). *See also McQuiggin*, 133 S.Ct. at 1927 (explaining the significance of

13   an "[u]nexplained delay in presenting new evidence").   Thereby, in order to qualify for

14   this exception and "pass through the *Schlup* gateway, a 'petitioner must show that it is

15   more likely than not that no reasonable juror would have convicted him in the light of the

16   new evidence.'" *Lee*, 653 F.3d at 938 (quoting *Schlup*, 513 U.S. at 327). However, "[t]his

17   is a high threshold that is rarely met." *Lee*, 653 F.3d at 945; *see also McQuiggin*, 133 S.

18   Ct. at 1928 ("tenable actual-innocence gateway pleas are rare").

19   **II.    Application**

20   **A.    Limitations Period - Judgment in Case No. CR 2005-0551**

21          Petitioner was originally sentenced following a jury verdict on September 11,

22   2006. On direct appeal, the Arizona Supreme Court affirmed his convictions and

23   sentences on March 24, 2008. Petitioner did not seek review of that decision before the

24   United States Supreme Court and therefore, Petitioner's judgment became final on June

25   22, 2008 within the meaning of 28 U.S.C. § 2244(d)(1)(A), when time to seek a writ of

26   certiorari expired. *See Zepeda*, 581 F.3d at 1016; Sup. Ct. R. 13(1). Absent any tolling,

27   the one-year limitations period would have commenced at that time.

28          The limitations period was statutorily tolled pursuant to 28 U.S.C. § 2244(d)(2),

1    when Petitioner timely filed a Notice of Post-Conviction Relief on December 17, 2007.

2    *See* Ariz. R. Crim. P. 32.4(a). That properly filed application remained "pending" until

3    the Arizona Court of Appeals issued its subsequent denial on March 30, 2010. *See* 28

4    U.S.C. § 2244(d)(2). Because no petition for review was filed in the Arizona Supreme

5    Court, the period of statutory tolling concluded with the Arizona Court of Appeals denial.

6    *See Evans v. Chavis*, 546 U.S. 189, 191 (2006); *Stewart*, 2014 WL 1707033 at *4 (citing

7    *Carey*, 536 U.S at 225) (a collateral review petition is not "pending" and does not toll the

8    limitations period during the time between the denial of the petition in a lower state court

9    and the filing of an appeal in the next higher state court where the appeal is not properly

10   filed).

11          As a result, the limitations period commenced on March 31, 2010, and continued

12   to run until May 27, 2010 (i.e., for 57 days), when Petitioner filed his second Notice of

13   Post-Conviction Relief. *See Biggs*, 339 F.3d at 1048 (the time in between post-conviction

14   relief proceedings is not tolled because no application is pending during that period).

15   Petitioner's second post-conviction relief proceedings remained pending until the

16   Arizona Court of Appeals denied relief on August 26, 2011. Consequently, the

17   limitations period commenced again on August 27, 2011, and continued to run until it

18   expired 308 days later on June 30, 2012.

19          Petitioner's third Notice of Post-Conviction Relief filed on September 23, 2011

20   did not toll the limitations period because it was not "properly filed." *See Pace*, 544 U.S.

21   at 413; *Campbell v. Henry*, 614 F.3d 1056, 1060 (9th Cir. 2010). The Notice was filed

22   after the state's time limit, *see* 32.4(a) ("the notice must be filed within ninety days after

23   the entry of judgment and sentence or within thirty days after the issuance of the order

24   and mandate in the direct appeal, whichever is the later"), and the Superior Court found

25   no claim warranted further proceedings. By doing so, the Superior Court implicitly found

26   that the notice was untimely and did not satisfy any exception to the time limit for filing.

27   *See Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) ("Examining the court's words

28   against the backdrop of California law regarding untimeliness, it is clear that the court

1    was denying Bonner's petition as untimely"); *cf. Trigueros v. Adams*, 658 F.3d 983, 991

2    (9th Cir. 2011) (tolling limitations period where state court "did not find a timeliness

3    procedural bar, and decided Trigueros's petition on the merits."). The Superior Court's

4    untimeliness finding is evident by the summary dismissal; the Superior Court did not

5    allow Petitioner to file a post-conviction relief petition. *See* Ariz. R.Crim. P. 32.2(b) ("If

6    the specific exception and meritorious reasons do not appear substantiating the claim and

7    indicating why the claim was not stated in the previous petition or in a timely manner, the

8    notice shall be summarily dismissed."); Ariz. R.Crim. P. 32.4(c) (discussing appointment

9    of counsel and the filing of a Rule 32 petition following filing of a notice).[10] Petitioner's

10   2011 Special Action was not an application for state post-conviction or other collateral

11   review within the meaning of 28 U.S.C. § 2244(d)(2), and also did not toll the limitations

12   period. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001).

13       Accordingly, "with respect to the pertinent judgment" in Case No. CR 2005-0551,

14   the limitations period was tolled through August 26, 2011, and thereafter ran until it

15   expired on June 30, 2012. 28 U.S.C. § 2244(d)(2). Petitioner filed the instant habeas

16   petition approximately eight months after the expiration of the one-year limitations

17   period. Therefore, any claims raised in the petition arising from the judgment in Case No.

18   CR 2005-0551 are untimely.

19                    **B.      Limitations Period – Judgment in Case No. CR 2005-0498**

20       Having entered a plea of guilty, Petitioner was sentenced on September 11, 2006.

21   Petitioner had 90 days from that date to timely file an "of-right" petition for post-

22   conviction relief. *See* Ariz. R. Crim. P. 32.4(a) ("In a Rule 32 of-right proceeding, the

23   notice must be filed within ninety days after the entry of judgment and sentence or within

24   thirty days after the issuance of the final order or mandate by the appellate court in the

25   petitioner's first petition for post-conviction relief proceeding."). Petitioner did not do so;

26   ───────────────
     [10]     Even if the September 2011 Notice tolled the limitations period, it only did so

27   until the Superior Court denied post-conviction relief on December 28, 2011. Petitioner
     did not seek review of the Superior Court's denial of Case No. CR 2005-0551, and

28   consequently, the statute of limitations period would have commenced on December 29,
     2011, and ran uninterrupted until it expired in October 2012. *See Evans*, 546 U.S. at 191.

1   therefore, his convictions became final on December 10, 2006 for purposes of 28 U.S.C.

2   § 2244(d)(1)(A).[11] *See Summers,* 481 F.3d at 711. The limitations period continued to run

3   interrupted until it expired one year later on December 10, 2007.

4       None of Petitioner's post-conviction relief proceedings statutorily tolled the

5   limitations period pursuant to 28 U.S.C. § 2244(d)(2). First, because Petitioner's

6   December 17, 2007 post-conviction relief notice in Case No. CR 2005-0498 was found to

7   be untimely, it was not "properly" filed and did not toll the limitations period. *See Pace,*

8   544 U.S. at 414. Further, Petitioner's 2011 notice for post-conviction relief did not toll

9   the limitations period, because the limitations period had already expired in 2007. *See*

10  *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (once the AEDPA limitations period

11  expires, a subsequently filed petition for post-conviction relief cannot restart the statute

12  of limitations); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (state petition

13  filed after the expiration of AEDPA's one-year period does not revive a limitations

14  period that ended before state petition was filed). Lastly, as previously noted, Petitioner's

15  2011 special action did not toll the limitations period because it was not an application

16  within the meaning of 28 U.S.C. § 2244(d)(2).

17      Accordingly, "with respect to the pertinent judgment" in Case No. CR 2005-0498,

18  Petitioner is not entitled to statutory tolling of the limitations period. Petitioner filed the

19  instant habeas petition more than five years after the one-year limitations period expired

20  on December 10, 2007. Therefore, any claims raised in the petition arising from the

21  judgment in Case No. CR 2005-0498 are also untimely.

22      **C.    Equitable Tolling of Limitations Periods**

23      Petitioner has not demonstrated that he is entitled to equitable tolling of the

24  limitation period for either judgment. First, Petitioner points to the disparity in timing of

25  state review of his two cases (*see* Doc. 1 at 53), which he appears to suggest obscured the

26  deadline for filing his federal habeas petition. However, Petitioner's confusion about his

27

28  [11]    Petitioner's subsequent appeal did not impact the finality of his convictions because no direct appeal following entry of his guilty plea was permitted. *See supra.*

1    state filings does not justify his delay in filing a federal habeas petition. *See Pace,* 544

2    U.S. at 416. If diligent, upon becoming aware of the denial of his post-conviction relief,

3    or following the denial of an appeal, "he could have prepared a basic form habeas petition

4    and filed it to satisfy the AEDPA deadline." *Waldron-Ramsey v. Pacholke*, 556 F.3d

5    1008, 1014 (9th Cir. 2009). *See also Pace,* 544 U.S. at 416 (citing *Rhines v. Weber*, 544

6    U.S. 269, 278 (2005)) ("A prisoner seeking state postconviction relief might avoid this

7    predicament… by filing a 'protective' petition in federal court and asking the federal

8    court to stay and abey the federal habeas proceedings until state remedies are

9    exhausted"). Waiting "in the hopes that any ambiguities would ultimately be resolved in

10   his favor, is the kind of 'oversight, miscalculation or negligence' for which equitable

11   tolling is not appropriate." *Waldron-Ramsey*, 556 F.3d at 1013. Nor is any alleged

12   ignorance of the statute of limitations or "lack of legal sophistication is not, by itself, an

13   extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d

14   1150, 1154 (9th Cir. 2006). *See also Robinson v. Kramer*, 588 F.3d 1212, 1216 (9th Cir.

15   2009) (citing *Felder v. Johnson*, 204 F.3d 168 (5th Cir. 2000)); *see also Fisher v.*

16   *Johnson*, 174 F.3d 710, 714 (5th Cir. 2000) ("[I]gnorance of the law, even for an

17   incarcerated *pro se* petitioner, generally does not excuse prompt filing."). Petitioner has

18   simply not shown that the state courts prevented him "from preparing and filing a habeas

19   petition at any time." *Shannon v. Newland*, 410 F.3d 1083, 1090 (9th Cir. 2005).

20          Petitioner also argues that his lack of legal materials and limited access to the

21   prison law library merits equitable tolling of the deadline. (*See* Doc. 13.) True, in certain

22   circumstances, a lack of access to legal resources may be an extraordinary circumstance

23   warranting equitable tolling. *See, e.g., Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th

24   Cir. 2000) (en banc) (finding that unavailability of a copy of the AEDPA in a prison law

25   library could be grounds for equitable tolling). However here, Petitioner has not pointed

26   to any specific materials to which he did not have access. *Cf. Roy v. Lampert*, 465 F.3d

27   964, 974 (9th Cir. 2006) (finding that lack of access to AEDPA materials and Oregon law

28   books may be an extraordinary circumstance); *Mendoza v. Carey*, 449 F.3d 1065 (9th

14

1   Cir. 2006) (finding that lack of access to Spanish language legal materials or assistance

2   could entitle habeas petitioner to equitable tolling). Rather, his complaints are

3   generalized, and he does not show how his lack of legal resources prevented him from

4   filing a federal habeas petition while the statute of limitations was running. Instead, the

5   fact that Petitioner filed lengthy state court petitions during the limitations periods

6   indicate that he had access to legal materials. Therefore, Petitioner has not shown that

7   despite his own diligence, "the hardship caused by lack of access to his materials was an

8   extraordinary circumstance" that resulted in the untimeliness of his petition. *Waldron-*

9   *Ramsey*, 556 F.3d at 1013.

10          **D.      Exception to Limitations Periods**

11          Lastly, Petitioner does not cast "doubt on the conviction[s] by undercutting the

12   reliability of the proof of guilt" nor does he make any claim of actual innocence. *Lee*, 653

13   F.3d at 937. "[A] petitioner must produce sufficient proof of his actual innocence to bring

14   him within the narrow class of cases ... implicating a fundamental miscarriage of justice."

15   *Id.* (internal quotation marks omitted); *see also McQuiggin*, 133 S. Ct. at 1927 ("A

16   petitioner invoking the miscarriage of justice exception" must present "evidence of

17   innocence so strong that a court cannot have confidence in the outcome of the trial…").

18   Here, Petitioner seeks to challenge the constitutional adequacy of the procedures that led

19   to his convictions and the fairness of the sentences he received; he does not proffer any

20   evidence or argument of actual innocence. Therefore, he has not presented new evidence

21   that justifies review of his time-barred claims under this exception.

22                                       **CONCLUSION**

23          In sum, Petitioner did not file his federal habeas petition until March 8, 2013,

24   approximately eight months after the limitations period expired following judgment in

25   Case No. CR 2005-0551, and more than five years after the limitations period expired

26   following judgment in Case No. CR 2005-0498. Petitioner has not made "'a good-faith

27   allegation that would, if true, entitle him to equitable tolling'" or would justify an

28   exception to the time-bar, and thus has not demonstrated that an evidentiary hearing is

1   warranted.  *Stewart*, 2014 WL 1707033 at \*9 (quoting *Roy*, 465 F.3d at 969). The Court

2   therefore concludes that the Petition for Writ of Habeas Corpus, as it pertains to either

3   state court judgment, is barred by the statute of limitations. Accordingly,

4         **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to

5   28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

6         **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and

7   leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the

8   Petition is justified by a plain procedural bar and jurists of reason would not find the

9   procedural ruling debatable.

10         This recommendation is not an order that is immediately appealable to the Ninth

11   Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

12   Appellate Procedure, should not be filed until entry of the district court's judgment. The

13   parties shall have 14 days from the date of service of a copy of this recommendation

14   within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1);

15   Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file

16   a response to the objections.

17         Failure to timely file objections to the Magistrate Judge's Report and

18   Recommendation may result in the acceptance of the Report and Recommendation by the

19   district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114,

20   1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the

21   Magistrate Judge will be considered a waiver of a party's right to appellate review of the

22   findings of fact in an order of judgment entered pursuant to the Magistrate Judge's

23   recommendation. *See* Fed. R. Civ. P. 72.

24         Dated this 7th day of May, 2014.

25

26   Honorable Steven P. Logan

27   United States Magistrate Judge

28

16