IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

GLEN ALAN HUGGINS,

      Petitioner,

vs.

CHARLES L. RYAN, et al.,

      Respondents.

Case No. 2:13-cv-00490-PHX-SLG

**ORDER DENYING PETITION FOR HABEAS CORPUS**

Before the Court at Docket 1 is the Petition for Writ of Habeas Corpus filed by Petitioner Glen Alan Huggins pursuant to 28 U.S.C. § 2254. Respondents Charles L. Ryan, et al., filed a Limited Answer to Petition for Writ of Habeas Corpus at Docket 9. Mr. Huggins filed a Reply at Docket 13. On May 7, 2014, at Docket 14, Magistrate Judge Steven P. Logan issued a Report and Recommendation. After a thoughtful and thorough analysis, the Magistrate Judge recommended that the Petition be denied and that this action be dismissed with prejudice.[1] The Magistrate Judge further recommended that a

---

[1] Docket 14 (Report and Recommendation).

Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be denied. Neither party has filed objections to the Report and Recommendation.[2]

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[3] The court is to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made."[4] But when no objections are filed, "[n]either the Constitution nor [28 U.S.C. § 636(b)(1)] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."[5]

There being no objections, and following this Court's review of the Report and Recommendation, the Court hereby **ACCEPTS** the Report and Recommendation of Magistrate Judge Steven P. Logan.

---

[2] It appears that Mr. Huggins did not update his address with the Court, as required by the Court's Order. *See* Docket 3 (Order) at 3 ("Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. . . . Failure to comply may result in dismissal of this action."). The Report and Recommendation was sent to Mr. Huggins at his address on record in the Court's file on May 7, 2014, but was returned as undeliverable on May 12, 2014, with the docket notation that Mr. Huggins was no longer in the custody of the Arizona Department of Corrections. *See* Docket 15.

[3] 28 U.S.C. § 636(b)(1).

[4] *Id.*

[5] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

Accordingly, **IT IS ORDERED** that the Petition for Habeas Corpus is **DENIED** and this action is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **DENIED** because Mr. Huggins has not "made a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2)[6] and, given the clear procedural bar to Mr. Huggins' petition, any appeal would not be taken in good faith.[7]

The Clerk of Court shall enter a final judgment accordingly.

Dated this 2nd day of October, 2014.

　　　　　　　　　　　　　　　　　　　/s/ Sharon L. Gleason
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[6] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a certificate of appealability may be granted only if the applicant has made "a substantial showing of the denial of a constitutional right," i.e., a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (internal quotation marks and citations omitted)).

[7] *See* Fed. R. App. P. 24(a).